## HOXIE v. SHAW.

1. **Counties:** SELECTION OF OFFICIAL NEWSPAPERS : CONTEST : APPEAL. Where a newspaper has been selected to do the county printing, under chapter 197, Laws of 1884, subject, however, to a contest as provided by that chapter, no appeal can be taken until there has been final action upon the contest.

2. ——— : ———: TIME FOR ACTION. Although the statute provides that the board of supervisors shall select the newspapers to do the county printing at its January term, that provsion does not prevent the board from taking final action upon a contest at a subse quent term, when the business has been entered upon at the January term, but for some reason (the equal division of the members present, in this case) final action could not sooner be reached.

*Appeal from Adams District Court.*—HON. JOHN W. HARVEY, Judge.

FILED, OCTOBER 9, 1888.

THE board of supervisors of Adams county took action under chapter 197, Acts Twentieth General Assembly, to determine in which newspaper of the county the proceedings of the board of the county should be published. From this action the plaintiff appeals.

*Dale & Brown,* for appellant.

*H. T. Granger* and *Davis & Wells,* for appellee.

BECK, J.—I. The publishers of the three newspapers presented applications and proofs to the supervisors, as required by chapter 197, Acts Twentieth General Assembly, upon which they sought to secure the printing authorized by that act. The statute authorizes the supervisors to select two newspapers printed in the county, in which the proceedings of the board, etc., shall be published.

1. COUNTIES: selection of official newspapers: contest: appeal.

One of the newspapers was selected without any objection, and another was selected subject to a contest as contemplated by the statute. The plaintiff was the contestant, and the defendant was the publisher of the paper so selected conditionally. A time was fixed for determining the contest, and a prior time was prescribed for filing specifications for the contest, which were to be supported by proof the day for the decision of the contest. It is not shown that such proofs were filed. Indeed, we are authorized to infer from the statements of the abstract that none were filed. On the day set for the determination of the contest by the supervisors a motion was made that the board proceed therewith. There were four supervisors present. Two voted for and two against the motion. The motion did not prevail. At the subsequent day a motion to dismiss the contest was offered, but there was a tie vote, and the resolution was not, therefore, adopted. This action left the matter undisposed of. The first action, or, rather, failure to act, operated to postpone it. The second left the contest pending, to be disposed of thereafter. It plainly appears that there was no final action upon the contest, and that it is still pending. There was therefore no action so affecting plaintiff's rights as bestows authority to appeal. The contest is still pending before the supervisors.

II. But counsel for plaintiff insist that, as the question is to be determined, under the provision of the statute, at the January term of the board, that body has no authority to act at a subsequent session. The statute directs the board to make the selection at the January session. The power conferred is to make the selection. The time when it is to be done is prescribed. Now, surely, if the board takes action looking to the selection, but for any reason cannot complete it, as for the reason of an equal division, occasioned by the absence of one of the supervisors, which we understand was the fact in this case, the business is left pending, to be disposed of as soon as the supervisors all meet or do agree. It cannot be that

2. $\frac{\quad}{\quad}:\frac{\quad}{\quad}:$
time for action.

power to do an act, which is directed to be done on a fixed day, will be defeated for the reason that the course which the law prescribes for the exercise of the power cannot, for reasons recognized by the law, be pursued. The contest is to be settled by a majority vote, which could not be had. The matter must go over for future consideration. The law will not defeat the power of the supervisors, but will rather require them to exercise it in the manner required by law. See *Carter v. McFarland, ante*, p. 196. We reach the conclusion that the district court rightly sustained a motion to dismiss the appeal. AFFIRMED.